### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUZ M. STEPHENS, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-CV-1573 (JCH) |
| | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY,[1] | : | |
| COMMISSIONER OF SOCIAL | : | MAY 14, 2024 |
| SECURITY, | : | |
| Defendant. | : | |

### RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES (DOC. NO. 22)

### I.      INTRODUCTION

Ivan M. Katz ("Attorney Katz"), attorney for Luz M. Stephens ("plaintiff"), moves for an award of attorney's fees pursuant to section 406(b) of title 42 of the United States Code.  Attorney Katz seeks $13,894.68, which is the balance of twenty-five percent of the total past-due benefits paid to the plaintiff minus $7,900.00.  See Motion for Allowance of Attorney's Fees ("Mot. for Atty's Fees"), at 1-2 (Doc. No. 22).  The Commissioner, in his limited role in this type of proceeding, requests that the court determine the reasonableness of the fee request.  See Response to Motion for Fees Pursuant to Section 406(b) ("Def.'s Resp."), at 2 (Doc. No. 24).

For the reasons stated below, the Motion is granted.

### II.     BACKGROUND

On March 24, 2022, the court issued a Ruling denying the Commissioner's Motion to Affirm the Decision of the Commissioner (Doc. No. 19) and granting in part

---

[1] Since the initiation of this lawsuit, Martin O'Malley has replaced Kilolo Kijakazi as the Commissioner of Social Security.

and denying in part the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 17), thereby vacating the Administrative Law Judge's Decision.  See Ruling (Doc. No. 20).  Judgment remanding the case entered on March 24, 2022.  See Judgment (Doc. No. 21).  The matter was remanded, and a hearing was held on February 1, 2024, before Administrative Law Judge Alexander P. Borre, who issued a decision in favor of the plaintiff.

A "Notice of Award" was issued on February 13, 2024, by the Social Security Administration ("SSA") advising the plaintiff that the sum of $21,794.68, representing 25% of her retroactive benefit, was withheld for payment of attorney's fees.  See Mot. for Atty.'s Fees at 1-2.

In connection with this action, plaintiff's counsel "negotiated a fee" under the Equal Access to Justice Act ("EAJA") "in the amount of $7,900.00."  See id. at 5. However, "for reasons [plaintiff's counsel] [cannot] explain, a motion to approve that fee under the EAJA was never filed and, accordingly, was never approved."  Id.

### III.    LEGAL STANDARD

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b)(1)(A).  "The effect of this provision . . . is threefold: it fix[es] a maximum percentage for contingent fees of twenty-five percent; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (internal quotation marks and citation omitted).

2

In evaluating a fee application pursuant to section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). As part of the reasonableness analysis, a district court must consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted). This determination also requires consideration of whether a requested fee would amount to a "windfall" to the attorney. Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."). "In determining whether there is a windfall that renders a [section] 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Fields, 24 F.4th at 854. "Rather, the court should consider the 'ability and expertise of the lawyer' involved, the 'nature and length of the professional relationship with claimant,' the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits." Mary D. v. Kijakazi, 2023 WL 2236909, at *1(D. Conn. Feb. 27, 2023) (quoting Fields, 24 F.4th at 854-55).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. Accordingly, a reduction is appropriate only when "[the court] finds the [fee] amount to be unreasonable." Id.

**IV.     DISCUSSION**

The court views Attorney Katz's fee request as reasonable.  First, Attorney Katz possesses expertise and experience in Social Security disability appeals, regularly appearing in this District on behalf of claimants in such cases.  Second, Attorney Katz spent 48.20 hours representing the plaintiff in this court and successfully seeking remand.  Expending 48.20 hours to secure such a result is reasonable, as "[c]ourts in the Second Circuit have generally held that a routine social security case requires from twenty to forty hours of attorney time."  Jones v. Colvin, No. 16-CV-1685, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (internal quotation marks and citation omitted).  Third, given the substantial size of the Award of retroactive benefits obtained, the court presumes that the plaintiff is satisfied with Attorney Katz's representation in this case.  Indeed, this conclusion is strengthened by the fact that the plaintiff received notice of the Motion and counsel does not indicate that plaintiff objects.  Further, plaintiff agreed to the fee of 25% of past due benefits, which is the total plaintiff's counsel would ordinarily receive.  See Retainer Agreement, Mot. for Atty's Fees (Doc. No. 22-2).  Fourth, without counsel's efforts that resulted in remand, it is likely that this successful outcome would not have been achieved.

As noted above, Attorney Katz seeks $13,894.68, which constitutes the balance of twenty-five percent of plaintiff's past-due benefits, i.e., $21,794.68, subtracted by the $7,900, i.e., the amount that Attorney Katz would have received had he filed a motion to approve his negotiated EAJA fee.  Courts in this Circuit have varied in their approach to calculating the hourly rate for section 406(b) fees.  Some calculate the hourly rate by subtracting the EAJA fee from the total attorney's fee request, and then dividing that amount by the number of hours worked.  Others have rejected that approach, and

4

instead calculate the hourly rate by dividing the total request for attorney's fees by the number of hours worked.  See Eric K. v. Comm'r of Soc. Sec., No. 18-CV-1085, 2021 WL 948995, at *2 (W.D.N.Y. Mar. 12, 2021) (collecting cases).  Here, the court finds that the hourly rate is reasonable under either approach.  The de facto hourly rate of the overall fee of $21,794.68 is $452.17: $21,794.68 divided by 48.20 hours.  The de facto hourly rate for plaintiff's requested amount of $13,894.68 is $288.27 per hour: $13,894.68 divided by 48.20 hours.  Both of these sums are less than other section 406(b) fee awards sanctioned by courts in this District.  See, e.g., Christopher B. v. Kijakazi, No. 19-CV-66, 2023 WL 2236907, at *1-2 (D. Conn. Feb. 27, 2023) (approving a section 406(b) fee award at an effective hourly rate of $950.00); Vasquez v. Saul, No. 17-CV-00183, 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020) (approving a de facto hourly rate of $791.44); Sama v. Colvin, No. 10-CV-01268, 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (approving an effective hourly rate of $785.30).

Thus, the amount requested is reasonable and does not amount to a "windfall" to counsel.[2]

## V.    CONCLUSION

For the foregoing reasons, plaintiff counsel's Motion for Award of Attorney's Fees is granted.  Attorney Katz is awarded fees in the amount of $13,894.68, which represents the balance held by the Social Security Administration after subtracting $7,900.00 in EAJA fees that were not previously billed or paid.

---

[2] The court notes that its Ruling will result in $7,900—the amount of the EAJA fee that plaintiff's attorney failed to claim—remaining with the SSA.  It is this court's understanding that the $7,900 will remain with the SSA for payment of potential fees under section 406(a) and that, if no section 406(a) fees are authorized, the funds will be refunded to plaintiff.

**SO ORDERED.**

Dated at New Haven, Connecticut this 14th day of May 2024.

         /s/ Janet C. Hall

Janet C. Hall
United States District Judge